# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. SZALINSKI and** | : | **Bankruptcy No. 06-22423 JAD** |
| **SARA F. SZALINSKI,** | : | |
| | : | |
| **Debtors** | : | **Chapter 13** |
| ****************************************** | X | |
| | : | |
| **HONDA LEASE TRUST,** | : | **Related to Document No. 45** |
| | : | |
| **Movant,** | : | |
| | : | |
| - vs - | : | |
| | : | |
| **MICHAEL J. SZALINSKI and** | : | |
| **SARA F. SZALINSKI,** | : | |
| | : | |
| **Respondents.** | : | |
| | X | |

**MEMORANDUM ORDER OF COURT DENYING MOTION TO
FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO
11 U.S.C. SECTION 362(D)(1) AND 11 U.S.C. SECTION 365(P)**

In this core proceeding,[1] movant Honda Lease Trust seeks relief from stay regarding a vehicle leased to the Debtor Michael J. Szalinski. Honda Lease Trust asserts that the Debtor did not timely assume the lease and therefore the property is no longer estate property. By its motion, Honda Lease Trust also seeks reconsideration of the terms of confirmation of Debtors' amended plan. For the reasons that are set forth below, the Court denies the motion filed by Honda Lease Trust.

---

[1] See 11 U.S.C. §§ 157(b)(2)(A), (G), (L) and (O).

00000676.WPD

**I.**

The lease agreement entered into on June 19, 2003 between Honda Lease Trust and the Debtor provided for a monthly payment of $334.74 with an option of the Debtor to purchase the vehicle for the sum of $11,294.30 in June, 2007, which is the expiration of the lease. See Docket No. 5, Exhibit A. During the pendency of the agreement, Debtors filed their voluntary Chapter 13 petition on May 31, 2006. Their original Chapter 13 plan was filed June 15, 2006 and amended on August 18, 2006 prior to confirmation of the original proposed plan. The original plan proposed to pay Honda Lease Trust the monthly amount of $334.74 for the principal balance of $4,686.00. See Docket No. 11.[2] The amended plan proposed payment of both the remainder of the lease payments and the purchase option amount as a secured claim at an unspecified pro rata amount. See Docket No. 30.

An order confirming the plan as modified was entered on October 12, 2006. See Docket No. 38. The order at paragraph I.G. specifically provided that Honda Lease Trust was being paid as a secured creditor over the life of the plan.[3] The confirmation order further provided at paragraph II.A. that the order did not become final for a period of twenty five days to allow any party in interest to file a written objection. Failure to timely object was stated as being deemed a waiver of all objections and an acceptance of the provisions of the confirmed plan.

Honda Lease Trust received notice of the original plan (see Docket Nos. 11, 19) , the

---

[2] The Court takes judicial notice of the pleadings in its file. Fed.R.Evid. 201.

[3] The amended plan essentially amortized the Debtors' pre-petition balance, any arrearage, and the amount of the purchase option over the life of the plan.

amended plan (see Docket Nos. 30, 31), the order of court setting the conciliation conference and confirmation hearing on the amended plan (see Docket Nos. 28, 29), and the order confirming the amended plan (see Docket Nos. 38, 40). No objection to the original plan, amended plan or order of confirmation was filed by Honda Lease Trust. At the hearing on the subject motion, counsel for Honda Lease Trust conceded that notice was received by Honda Lease Trust but due to its own internal structure, the appropriate personnel did not receive notice of the filings within sufficient time to object.

## II.

Honda Lease Trust seeks relief from stay on the basis that its lease has not been properly or timely assumed since it is not receiving the monthly amount pursuant to the lease agreement and the purchase option is being funded overtime through the plan (as opposed to being paid in one lump sum in June of 2007).[4] The Debtors assert that by proposing to pay the remaining lease payments and providing for the purchase option through the plan as a secured claim, they have evidenced an intent to assume the lease. In addition, they argue that Honda Lease Trust is attempting to assert an untimely objection to the confirmed Chapter 13 plan. Having received notice of the amended plan and failing to object, the Debtors argue that Honda Lease Trust waived its right to now object.

Within the relief from stay motion, Honda Lease Trust requests that the Court reconsider the confirmation terms pursuant to Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60. The basis for its request is that the amended plan impermissibly modifies the purchase option of the Lease Agreement. Honda Lease Trust has not asserted a specific subsection

---

[4] Honda Lease Trust relies upon 11 U.S.C. §365(p) which provides that where a Chapter 13 debtor is a lessee of personal property and the lease is not assumed on the confirmed plan, the lease is deemed rejected.

of Fed.R.Civ.P. 60 under which it seeks to proceed. Nor has Honda Lease Trust asserted the applicable facts or grounds for granting such a motion in this instance.

### III.

In order to modify the terms of confirmation, the confirmation order itself would have to be either amended or revoked. In the Third Circuit, the only ground for relief for revocation of a Chapter 13 confirmation order is fraud pursuant to 11 U.S.C. §1330(a). Branchburg Plaza Associates, L.P. v. Fesq (In re Fesq), 153 F.3d 113 (3d Cir. 1998); see also 8 Collier on Bankruptcy, ¶1330.01[2] (15th ed. rev. 2006). The creditor in Fesq, who failed to object to the Chapter 13 plan and sought to have the confirmation order vacated, argued that a computer glitch led him to believe that the plan objection date was later than the actual objection date. The Court of Appeals for the Third Circuit found that mistake, inadvertence and other grounds set forth in Fed.R.Civ.P. 60, made applicable to bankruptcy by Fed.R.Bankr.P. 9024, are not available to obtain relief from an order of confirmation. Id.[5] There has been no assertion of fraud by Honda Lease Trust. Thus, under the holding of Fesq, Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60 are not available to Honda Lease Trust in its attempt to be relieved of the order of confirmation.

The provisions of a confirmed Chapter 13 plan are binding on the debtors and creditors whose claims are provided for in the plan absent fraud and assuming the requirements of due process have been met. 11 U.S.C. §1330(a); see In re Szostek, 886 F.2d 1405 (3d Cir.1989). In Szostek, the Court of Appeals for the Third Circuit examined the divergent policies of finality, evidenced by 11 U.S.C. §1327, and compliance of the proposed

---

[5] Contra, e.g., In re Carr, 318 B.R. 517 (Bankr. W.D. Wis. 2004).

plan as required by 11 U.S.C. §1325(a). The court found that absent a showing of fraud, once the plan was confirmed, it could not be challenged on the grounds that it did not comply with a specific subsection of the Bankruptcy Code. Id. at 1413 (holding that although the plan at issue did not comply with 11 U.S.C. § 1325(a)(5)(B)(ii), the plan in Szostek is enforceable and binding). The court further recognized the affirmative obligation to object to a debtor's plan rests with the creditor and that creditors are obligated to take an active role in protecting their claims. Id. at 1414. To vacate a confirmed plan would therefore be inconsistent with the general policy favoring the finality of confirmed plans. Id. See also In re Miller, Case No. 99-25616, 2007 WL 81052 (Bankr. W.D. Pa. Jan. 9, 2007).

**IV.**

Honda Lease Trust does not dispute that it received notice of the relevant filings. Rather, the personnel at Honda Lease Trust with the proper authority to object to confirmation of the plan allegedly did not receive notice within the objection period through the fault of Honda and due to no asserted fault of the Debtors. There has been no allegation of fraud made by Honda Lease Trust in this case. Under these circumstances, in the absence of fraud, and with no concerns regarding due process, there do not appear to be any grounds to reconsider the confirmation order.[6] Thus, the Court is not in a position to grant the motion filed by Honda Lease Trust.

---

[6] The Court need not engage in an analysis of the impermissibility of the modification of Honda Lease Trust's interest as the precedent in this circuit binds this Court, in the absence of fraud, to recognize the finality of the plan confirmation order. In addition, because Honda Lease Trust has not sought relief pursuant to 11 U.S.C. § 1329, this Memorandum Order does not address whether, and the extent, to which Honda Lease Trust may be entitled to relief under the "modification of plan after confirmation" provisions of the Bankruptcy Code.

The preceding discussion constitutes the Court's findings of fact and conclusion of law pursuant to Fed.R.Bankr.P. 7052 and Fed.R. Civ.P. 52. For the reasons set forth above, and after consideration of the uncontested record, the pleadings and argument of counsel at the hearing on the Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C. §365(p), the Court hereby **ORDERS, ADJUDGES** and **DECREES** that the Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C. §365(p) filed on behalf of Honda Lease Trust is **DENIED**.


Date: February 5, 2007               /s/ Jeffery A. Deller
                                    Jeffery A. Deller
                                    United States Bankruptcy Judge